UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ROBERT B. WESTFALL, | ) No. ED CV 13-00411-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| | ) (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1.  Whether  the Administrative Law Judge ("ALJ") properly

considered Plaintiff's testimony.
(JS at 5.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.  After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ PERFORMED A PROPER AND SUPPORTABLE CREDIBILITY ANALYSIS OF PLAINTIFF'S TESTIMONY AS TO SUBJECTIVE SYMPTOMS**

The ALJ summarized Plaintiff's complaints as to his pain and limitations as follows:

> "[Plaintiff] alleges disability due to pain in his back and feet and headaches and dizziness. He also asserts he cannot lift and carry more than 10 pounds, bend over, stand for longer than 15 minutes, or walk for more than 20 to 30 minutes at a time or up to 200 feet. He claims he cannot sit for longer than 20 minutes before feeling numbness in his buttocks. [Plaintiff] maintains he experiences hypoglycemic episodes approximately twice per week and he claims vision problems that prevent him from reading for prolonged periods, all due [sic] variable diabetes control. [Plaintiff] further alleges weight gain; he testifies that he is 6'2" and weighs 250 pounds.
>
> Regarding his mental health, [Plaintiff] testifies that 'his brain does not work like it used to'. In particular, he vaguely claims that his headaches affect him and that he could no longer perform math in his head like before.

2

>[Plaintiff] did not endorse any symptoms associated with depression or any other psychiatric impairment at the initial level, the reconsideration level or at the hearing. It is noted that the hearing brief submitted by [Plaintiff's] representative also does not address any mental impairments or related symptoms."

(AR 14.)

The ALJ acknowledged his duty to evaluate the credibility of these statements, or more accurately, whether Plaintiff's statements of his symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. The ALJ cited the correct regulations which he must follow to perform his analysis: 20 C.F.R. §§ 404.1529 and 416.929 and Social Security Rulings ("SSR") 96-4p and 96-7p. (AR 13.) Plaintiff claims that the ALJ failed to do this, but for the following reasons, the Court disagrees.

Plaintiff correctly notes that he need not be in a vegetative condition in order to establish the credibility of his subjective complaints. (See JS at 12, citing applicable Ninth Circuit case law.) Plaintiff also asserts that the ALJ solely relied upon discrepancies between Plaintiff's subjective symptom testimony and the objective medical evidence, which is prohibited. That is certainly prohibited, as the Commissioner concedes, but this is not what the ALJ in fact did in the Decision.

The ALJ in fact provided several independent and supportable reasons to depreciate Plaintiff's credibility. The first concerns Plaintiff's activities of daily living ("ADL"). The ALJ observed that Plaintiff's ADL "are not limited to the extent one would expect, given

the complaints of disabling symptoms and limitations." (AR 14.) Further, the ALJ noted that despite Plaintiff's allegations, he "has engaged in a largely normal level of daily activity and interaction." (AR 15.) The ALJ interpreted the level of Plaintiff's ADL as "replicat[ing] those necessary for obtaining and maintaining employment." (Id.) Plaintiff did state that he lived alone independently, without any assistance, did his own shopping, completed errands, visited his father, went to the library, read books, and walked short distances. He was able to engage in cleaning, vacuuming, washing dishes, cleaning the kitchen and bathroom, cooking, taking out the trash, and sweeping the patio. He testified he could walk downhill and uphill with rest. He could drive a car with a manual transmission, and he did not use a cane although he claimed that he often fell. He testified that he could not lift more than 10 pounds, but admitted he could lift up to 40 pounds before experiencing pain in his lower extremities. (AR 45, 213-14.)

The purpose of utilizing ADL as a factor in the assessment of credibility as to subjective symptoms is not whether the activities are exactly transferrable to the requirements of full time work. Rather, the ALJ properly utilized this evidence to assess that Plaintiff had greater functional capacity than he claimed in his testimony. As such, the ALJ effectively concluded that Plaintiff exaggerated his level of limitation. See Valentine v. Commissioner or Social Security Administration, 574 F.3d 685, 694 (9th Cir. 2009).

As the Commissioner correctly notes, the ALJ did not totally discount Plaintiff's subjective testimony, in that he assessed a residual functional capacity ("RFC") which provided exertional limitations which were more consistent with Plaintiff's subjective

complaints. (See AR at 13.)

The ALJ next observed and relied upon the factor of conservative treatment despite complaints of severe pain and limitations. Again, this is a recognized credibility assessment factor. See 20 C.F.R. §§ 404.1529(c)(3)(iv), (v), 416.929(c)(3)(iv), (v); Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). Plaintiff testified that his receipt of conservative pain medications had reduced his pain and that his doctors refused to prescribe him narcotic pain medication. (AR 43.) Plaintiff's diabetes, hypertension and depression were stable with medication. (AR 16-17, 366.) Although Plaintiff claimed that he often falls, he was never prescribed a cane for walking and he had the ability to ambulate effectively. (AR 17, 325, 340.)

Plaintiff also alleged that he had side effects from medication which caused him to nap several times per day. (AR 14.) The ALJ discounted these allegations because "office treatment notes do not corroborate those allegations." (AR 15.) Again, this is a recognized credibility assessment factor; that is, the contradiction between assertions of medication side effects and the lack of any such complaints in treatment records. See Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006).

As a last factor, the ALJ noted the lack of corroborating medical findings. (AR 16-18.) The Commissioner acknowledges that this cannot be the sole credibility factor, but it is certainly one relevant factor. Here, Plaintiff has a rather normal medical record which demonstrates the receipt of routine and conservative treatment. (AR 277-400.)

For the foregoing reasons, the Court finds no error with regard to the ALJ's assessment of Plaintiff's credibility as to subjective

pain and symptoms, and for that reason, orders that the decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: March 13, 2014                         /s/
                                         VICTOR B. KENTON
                                         UNITED STATES MAGISTRATE JUDGE